UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA PRUITT,

    Plaintiff,

vs.                                                Case No. 14-12074

McLAREN REGIONAL MEDICAL                HON. AVERN COHN
CENTER-FLINT, CATHLEEN M. HIPPS,
TEEA MOORE, and LISA RODGERS,

    Defendants.

_____/

**MEMORANDUM AND ORDER[1]**
**DENYING PLAINTIFF'S MOTIONS FOR THE APPOINTMENT OF COUNSEL**
**(Docs. 32, 33, 41, 46)**
**AND**
**GRANTING DEFENDANTS' MOTION TO STRIKE (Doc. 42)**
**AND**
**GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 47)**
**AND**
**DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. 28) AND**
**MOTION FOR SUMMARY JUDGMENT (Doc. 50)**
**AND**
**DISMISSING CASE**

**I. Introduction**

    This is an employment dispute. Plaintiff Paula Pruitt, proceeding pro se, is suing

defendants McLaren Regional Medical Center-Flint (McLaren), Cathleen M. Hipps,

---

    [1]The Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Teea Moore, and Lisa Rodgers.[2] Before the Court are several motions. Each motion is addressed in turn below. In the end, Pruitt's motions will be denied, defendants' motions will be granted, and the case will be dismissed.

## II. Background

On April 5, 2013, Pruitt, an African-American woman, was terminated from her position as a Nurse Assistant II at McLaren for harassing and threatening another employee. She grieved her discharge and was represented by her union in arbitration. In February 2014, a hearing was held before an arbitrator. On April 17, 2013, the arbitrator issued a decision upholding McLaren's decision, finding Pruitt engaged in conduct which justified her termination under McLaren's applicable policies.

On July 7, 2013, Pruitt filed a charge of discrimination with the Michigan Department of Civil Rights (MDCR). On December 6, 2013, the MDCR issued a notice of dismissal.

On May 23, 2014, Pruitt filed a complaint against McLaren and the above individual defendants, asserting the following claims:

Count I - equal protection violations

Count II - race discrimination in violation of the Elliot Larsen Civil Rights Act (ELCRA)

---

[2]Pruitt also filed a pro se complaint against AFSCME Council 25 and its affiliated AFSCME Local 2650, Al Garrett, President of AFSCME Council 25, and Sandra Crayton, President of AFSCME Local 2650 claiming that defendants did not fairly represent her in the arbitration process following her termination. Pruitt v. AFSCME, et al, 14-12696. The case was assigned to the undersigned. The Court granted defendants' motion for summary judgment, denied Pruitt's motion to amend, and dismissed the case. See Doc. 28 in case no. 14-12696. Pruitt appealed. (Doc. 29). The appeal is pending in the Court of Appeals for the Sixth Circuit.

    Count III - retaliation in violation of Title VII

    Count IV - retaliation in violation of the ELCRA

    Count V - intentional infliction of emotional distress

In addition to challenging her termination as based on race, the complaint contains allegations of harassment and unfair treatment dating back to 2008 based on her race and for reporting safety violations.

On September 24, 2014, four months after filing the instant lawsuit, Pruitt filed a pro se bankruptcy petition under Chapter 7 of Title 11 of the United States Code in the Eastern District of Michigan. In re Pruitt, 14-32603 (Bankr. E.D. Mich.). In her bankruptcy petition, Pruitt "declare[d] under penalty of perjury that the information provided in [her] petition is true and correct." See Ex. B to Defendants' Motion to Dismiss (Doc. 47), bankruptcy petition at p. 3. Likewise, Pruitt declared under penalty of perjury that both her schedules and statement of financial affairs were true and correct. See id. at p. 38. In Schedule B to Pruitt's bankruptcy petition, she was required her to list and describe all of her assets, including, but not limited to, other "contingent and liquidated claims of every nature." See id. at p. 12, line 21. Pruitt swore, under penalty of perjury, that she had no such claims. Id. Likewise, Question 4 of the Statement of Financial Affairs required Pruitt to identify "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." See id. at p. 30. Again, Pruitt answered under penalty of perjury, "None." Id. On December 24, 2014, the bankruptcy court discharged Pruitt's debts. See Doc. 27 in case no. 14-32603 and Exhibit B to defendants' motion at p. 39.

### III. The Pending Motions

As noted above, there are several motions pending before the Court, as follows:

1. Pruitt's motions for the appointment of counsel (Docs. 32, 33, 41, 46)

3. Defendants' motion to strike (Doc. 42)

4. Defendants' motion to dismiss (Doc. 47)

5. Pruitt's motion for leave to file an amended complaint (Doc. 28) and motion for summary judgment (Doc. 50)

Each motion is addressed in turn below.

### IV. Pruitt's Motions to Appoint Counsel (Docs. 32, 33, 41, 46)

In each motion, Pruitt seeks the appointment of counsel to assist her with litigating her case. Pruitt contends that the Court must provide her counsel because she has "severe, mental, physical, psychological, and medical" conditions. See Doc. 41.

Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. Abdur–Rahman v. Michigan Dep't of Corrections, 65 F.3d 489, 492 (6th Cir.1995); Lavado v. Keohane, 992 F.2d 601, 605–06 (6th Cir.1993). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." Lavado, 992 F.2d at 606 (internal quotation marks & citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." Id. at 606 (internal quotation marks & citations omitted). Appointment of counsel is not appropriate when a pro se litigant's claims are frivolous or when his

4

chances of success are extremely slim. Id. (citing Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir.1985)); see also Cleary v. Mukasey, 307 F. App'x 963, 965 (6th Cir.2009) (same).

Pruitt has not satisfied his burden of demonstrating that the Court should appoint counsel in this case. While the Court is mindful of Pruitt's condition, she has been able participate and present her arguments in this case, as evidenced by her many filings. The motions for appointment of counsel are therefore DENIED.

### V. Defendants' Motion to Strike (Doc. 42)

Defendants move to strike many of the excess of 200 pages of medical records Pruitt submitted in support of her motion to appoint counsel because they contain protected individually identifiable health care information, in violation the Health Insurance Portability and Accountability Act of 1996 (HIPPA).[3] In particular, some of the documents contain the identity of patients other than Pruitt as well as details of the medical care those individuals received at McLaren. The motion is GRANTED. Defendants shall prepare the appropriate order striking the documents which violate HIPPA.

### VI. Defendants' Motion to Dismiss (Doc. 47)

### A. Overview

---

[3] Defendants also move for an order that Loretta Kenebrew-Cox, also a former nurse at McLaren and associated with Pruitt, be barred from "participating in this litigation." Kenebrew-Cox has a similar case pending before another judge in this district against McLaren, case no. 14-11234, and defendants contend that her involvement in Pruitt's case is inappropriate and may constitute the unauthorized practice of law. Putting aside whether defendants' request is legally viable, given that the Court is dismissing Pruitt's case, this request is MOOT.

Finally, defendants have moved to dismiss the case on the grounds of judicial estoppel or alternatively for failure to include the proper party. Essentially, defendants say that Pruitt cannot pursue any claims against McLaren because she did not disclose them during her bankruptcy proceedings. Pruitt filed for bankruptcy four months after she filed the complaint in this case. She did not list this lawsuit as an asset. Pruitt obtained relief from her debts in her bankruptcy case. In the motion, defendants argue that Pruitt's failure to disclose this lawsuit prevents her from litigating it now. Defendants argue, in the alternative, that she is not the proper party to bring this case; rather, any case should have been brought by the trustee in bankruptcy.

Pruitt filed a response[4] contending that she did not intend to conceal anything from the bankruptcy court, that she was unaware she should have disclosed this lawsuit in her bankruptcy filings, and that someone else helped her with the papers.

## B. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(c) is subject to the same standard of review a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[4] A motion to dismiss

---

[4]Pruitt filed a document styled "Plaintiff's Motion to 'Not' Dismiss on the Basis of Judicial Estoppel or Alternatively for Failure to Include the Real Party in Interest as Defendants' Has Stated for Reasons, as Follows." (Doc. 48). This motion is construed as a response to defendants' motion.

[4]While defendants have submitted pleadings relating to Pruitt's bankruptcy proceeding in support of their motion, the Court can, and does, take judicial notice of such documents without converting this motion into one for summary judgment. See Buck v. Thomas M. Cooley Law School, 597 F.3d 812, 816 (6th Cir. 2010) (holding that the district court properly took judicial notice of pleadings in the plaintiff's state court action in considering the defendants' motion to dismiss on the pleadings on res judicata grounds); see also Winget v. J.P. Morgan Chase, Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008) (holding that the district court properly took judicial notice of documents filed in connection with a party's bankruptcy proceedings); Coffelt v. American Frozen Foods,

under Rule 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as factual allegation." Ashcroft v. Iqbal, _____ U.S. _____, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation removed). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id. at 1940.

---

Inc., No. 1:10-CV-69, 2010 LEXIS 112491, at * 2 (E.D. Tenn. Oct. 21, 2010) ("The copies of Plaintiff's bankruptcy petition and amendment are matters of public record, and therefore, the Court's taking judicial notice of the bankruptcy filings do not convert this motion into one for summary judgment.").

### C. Discussion

Defendants argue that Pruitt is judicially estopped from proceeding with this case because she failed to disclose it in her bankruptcy case. Judicial estoppel "bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as a part of a final disposition.' " Browning v. Levy, 283 F.3d 761, 775 (6th Cir.2002) (quoting Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir.1990)). The purpose of the doctrine of judicial estoppel is to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning, 283 F.3d at 776 (quoting Teledyne Indus. Inc., 911 F.2d at 1218). However, the doctrine of judicial estoppel "should be applied with caution to 'avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.' " Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894, 897 (6th Cir.2004) (quoting Teledyne Indus., Inc., 911 F.2d at 1218)). The doctrine of judicial estoppel is inappropriate in cases of mistake or inadvertence. Browning, 283 F.3d at 776.

To the extent that Pruitt argues that the first element of judicial estoppel is lacking because she did not assert a contrary position in her bankruptcy petition, this argument does not carry the day. It is "well-settled" that debtors have a continuing duty to disclose all potential causes of action and that disclosure obligations of consumer debtors are "at the very core of the bankruptcy process." Lewis v. Weyerhaeuser Co., 141 F. App'x 420, 424 (6th Cir. 2005) (citations omitted). The Sixth Circuit has recognized that "pursuing a cause of action that was not disclosed as an asset in a

8

previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." Id. at 425.

Notably, in Lewis, the plaintiff did not list an employment discrimination claim in her Chapter 13 bankruptcy petition, both in the "Statement of Financial Affairs" section and in the "Schedule B—Personal Property" section that required her to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." Id. at 422. After the bankruptcy court approved her bankruptcy plan, the plaintiff then initiated her employment discrimination claim by sending a letter to the EEOC. Based on these facts and circumstances, the court of appeals in Lewis concluded "pursuit of her current discrimination action is without question 'contrary to' her sworn bankruptcy petition" for purposes of the judicial estoppel analysis. Id. at 425.

Here, as in Lewis, Pruitt did not to include her claims against defendants in her initial Chapter 7 petition, in either the "Statement of Financial Affairs" or "Schedule B—Personal Property" for the category of "[o]ther contingent and unliquidated claims of every nature." The nearly identical omissions in Lewis and this case support a finding that Pruitt asserted a contrary position in her bankruptcy petition.

Moreover, to the extent Pruitt contends that the contrary position given to the Bankruptcy Court was inadvertent or a mistake, this argument also fails. In Browning, the Sixth Circuit identified two circumstances where failure to disclose a cause of action in a bankruptcy proceeding might be deemed inadvertent: (1) where the debtor lacks knowledge of the factual basis of the undisclosed claims and (2) where the debtor has no motive for concealment. Browning, 283 F.3d at 776.

Here, there is no question that Pruitt had knowledge of the factual basis for her discrimination claims. Her complaint had been pending for four months before she filed for bankruptcy and she continued to litigate her case both before, during, and after her bankruptcy case was pending. Thus, Pruitt clearly had knowledge of the factual basis for the claims undisclosed in her bankruptcy petition. Likewise, Plaintiff White cannot rely on the second means of establishing inadvertence because "[i]t is always in a [bankruptcy] petitioner's interest to minimize income and assets." Lewis, 141 F. App'x at 426. As a result, the Court finds that Pruitt had a motive to conceal her claims against defendants. Moreover, there is nothing in the bankruptcy court's record to indicate that she at any time took steps to inform the bankruptcy court or the trustee of this lawsuit. Thus, the Court cannot conclude that Pruitt's failure to disclose this lawsuit was inadvertent. See Lewis, 141 F. App'x at 427 (determining that "inadvertence" was lacking when a plaintiff had not made similar efforts to alert the bankruptcy court or trustee of the omission, noting that "Lewis never sought to amend her bankruptcy schedules, nor did she file a motion or make any other sort of attempt to inform the bankruptcy court of her discrimination action.").

Finally, as discussed in defendants' papers, courts have applied judicial estoppel to dismiss a case in similar circumstances where a plaintiff fails to disclosure the existence of a lawsuit, or potential lawsuit, in their bankruptcy case. See White v. Wyndham Vacation Ownership, 617 F.472 (6th Cir. 2010) (applying judicial estoppel where plaintiff did not disclose a pending EEOC charge and claims against her former employer in bankruptcy filings); Dickerson v. Federal Express Corp., 2010 U.S. Dist. LEXIS 22752 (W.D. Tenn. Mar. 10, 2010 (applying judicial estoppel and dismissing

plaintiff's claims where he filed an EEOC charge and received a right to sue letter while bankruptcy case was pending but failed to amend his bankruptcy papers); Johnson v. Lewis Cass Intermediate Sch. Dist., 345 B.R. 816, 825 (Bankr. W.D. Mich. 2006) (applying judicial estoppel where the plaintiff did not disclose pending wrongful discharge action in bankruptcy petition filed after the lawsuit was commenced); 3d

Overall, the Court finds judicial estoppel is appropriate. Defendants' motion to dismiss is GRANTED on this basis.[5]

### VII. Pruitt's Motion for Leave to File Amended Complaint (Doc. 28) and Motion for Summary Judgment (Doc. 50)

In light of the Court's ruling granting defendants' motion to dismiss, Pruitt's motion for leave to file an amended complaint and motion for summary judgment are DENIED AS MOOT.

### VIII. Conclusion

For the reasons stated above,

Pruitt's motions for the appointment of counsel are DENIED.

Defendants' motion to strike is GRANTED. Defendants shall prepare the appropriate order identifying the documents to be stricken.

Defendants' motion to dismiss is GRANTED.

Pruitt's motion for leave to file an amended complaint and motion for summary judgment are DENIED AS MOOT.

---

[5] Given this determination, the Court declines to address defendants' alternative argument that the case be dismissed because Pruitt is not the real party in interest.

11

                        14-12074 Paula Pruitt v.
                        McLaren Regional Medical Center-Flint, et al

This case is DISMISSED.

SO ORDERED.


                S/Avern Cohn
                AVERN COHN
                UNITED STATES DISTRICT JUDGE


Dated:  April 15, 2015
      Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 15, 2015, by electronic and/or ordinary mail.

                S/Sakne Chami
                Case Manager, (313) 234-5160